The Honorable Percy Malone State Senator
518 Clay Street Arkadelphia, Arkansas 71923-6024
Dear Senator Malone:
You have requested my opinion on several questions concerning vacancies on the board of directors of the City of Arkadelphia, which operates under the city manager form of government. As background for your questions, you report that the city board is comprised of an at-large elected mayor, one at-large member, and five members elected by ward, for a total of seven elected members.[1] You further report:
 After an Arkadelphia Board member resigned the Arkadelphia Board of Directors had six remaining members on a seven-member board. During a meeting to elect a new member, there were five members present, one absent, [and] the vote was 3 positive votes for one candidate.
 With the resignation of [a] second board member, there are now only five remaining members on a seven-member board.
Against this background, you pose the following questions:
 1. If only five board members are present out of the six remaining members, can a new member of the Arkadelphia Board of Directors be elected with 3 votes? *Page 2 
 2. Is it permissible under any conditions for 3 members to elect a new member to fill a vacancy on the Arkadelphia Board of Directors?
 3. If the answer to question 2 is yes, what are the conditions?
RESPONSE
In my opinion, the answer to your first question is "no," three votes in favor are insufficient to fill the vacancy. It is my opinion in response to your second and third questions that three members may elect a new member to fill a vacancy if the three votes in favor constitute a majority vote of the remaining members of the board, and if the three votes constitute a majority of a quorum of the whole seven-member board. These conclusions are explained more fully below.
Question 1 — If only five board members are present out of thesix remaining members, can a new member of the Arkadelphia Board ofDirectors be elected with 3 votes?
This question is governed by two separate statutes. The first is A.C.A. § 14-47-113 (Repl. 1998), which addresses the issue in general terms, stating:
 Whenever a vacancy shall occur, by any reason, in the office of a director, the board of directors shall, by majority vote, elect a person to fill the vacancy and serve for the unexpired term thereof.
This statutory directive does not resolve the issue at hand. Consideration must also be given to A.C.A. § 14-42-103 (Supp. 2009), which applies generally to all municipalities and addresses the vote requirement more specifically by providing:
 (a)(1) Vacancies in municipal offices that are authorized by state law to be filled by appointment by the city or town governing body require a majority vote of the remaining members of the governing body.
 (2) However, a majority of a quorum of the whole number of the governing body is required to fill the vacancy. *Page 3 
 (b)(1) The governing body may appoint any qualified elector, including members of a governing body, to fill the vacancy.
 (2) However, a member of the governing body shall not vote on his or her own appointment.
 (c) This section does not apply to circumstances prescribed under § 14-43-501(a) or § 14-43-411(a).[2]
(Emphasis added).
Pursuant to A.C.A. § 14-42-103(a), a majority vote of the "remaining members" of the city board of directors, and a "majority of a quorum of the whole number" of the board, is required in order to fill a vacancy on the board. Applying these requirements to your first question, I believe it is clear that three votes do not constitute a majority of the six remaining members of the board. Rather, four votes would be required to meet subsection 14-42-103(a)(1). Four votes would also pass subsection 14-42-103(a)(2)'s requirement of a "majority of a quorum of the whole number" in the situation you have described involving a seven-member board, where five members are present. A quorum of seven is five, and a majority of five is three; so in the situation you have described, four votes would also meet or exceed this separate requirement.[3]
I therefore conclude that the answer to your first question is "no." Three votes would not suffice, in my opinion. Where five members are present out of the six remaining members of the seven-member Arkadelphia Board of Directors, a favorable vote of four would, in my opinion, be required to fill a vacancy on the Board. Compare Op. Att'y Gen. Nos. 2004-270; 2000-153; 97-265. *Page 4 
Question 2 — Is it permissible under any conditions for3 members to elect a new member to fill a vacancy on the ArkadelphiaBoard of Directors?
Consistent with the above, I believe a vote of three in favor of a nominee will be sufficient to fill a vacancy on the seven-member Board if the three votes constitute a majority vote of the remaining members, and if the three votes are a majority of a quorum of the whole seven-member Board. Cf. Op. Att'y Gen. 2003-380 (concluding that it would take three votes of the five members who were present to fill a vacancy in the office of mayor in a city of the second class with a six-member city council, this constituting a majority of the remaining council members, as well as a majority of a quorum of the whole as required by A.C.A. § 14-42-103).
Question 3 — If the answer to question 2 is yes, what are theconditions?
See response to Question 2 above.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General DM:EAW/cyh
[1] The mayor is generally considered to be a member of the board of directors under the relevant statutes. E.g., A.C.A. § 14-61-111 — 112 (Repl. 1998). See Op. Att'y Gen. 2008-189.
[2] These Code sections — A.C.A. §§ 14-43-411(a) and-501(a) — address, respectively, aldermen vacancies and the organization of the city council in cities with the mayor-council form of government.
[3] This requirement in A.C.A. § 14-42-103(a)(2) is somewhat different from the requirement of A.C.A. § 14-43-411(a)(1)(B)(i) (Supp. 2009) that "at least a quorum of the whole number of the city council shall remain in order to fill a vacancy." The latter provision applies to vacancies in the office of alderman in cities of the first class with the mayor-council form of government and a population of less than twenty thousand. *Page 1